

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BOBBY ALEXANDER | § |
| | § |
| V. | § CIVIL ACTION NO. 4: 14-CV-380-O |
| | § |
| BUDGET SUITES OF AMERICA | § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSING CASE PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e) AND FOR LACK OF SUBJECT-MATTER JURISDICTION

On May 27, 2014, *pro-se* plaintiff Bobby Alexander ("Alexander") filed a complaint alleging personal injury and seeking damages against Budget Suites of America. (*See* Plaintiff's Complaint ("Pl.'s Compl.") at 1.) In his complaint, Alexander states the following:

> Slip and fall from wet floor and sheet rock falling from the ceiling and hiting [sic] my head causing me to lose my balance and fell to the floor and hit my head on the floor and on my back causing head and back injury. Plaintiff is demanding 30,000 [for] pain and past injury.

(Pl.'s Compl. at 1.) Along with the complaint, Alexander also filed a Motion to Proceed In Forma Pauperis, which was granted by the Court on May 28, 2014.

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis in law of fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, a plaintiff's claim for relief will be dismissed when the complaint fails to establish a basis for subject-matter jurisdiction. Fed. R. Civ. P 12(b)(1).[1] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power

---

[1] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). However, a complaint should not be dismissed unless the plaintiff can establish no set of facts in support of his claim which would entitle him to relief. *Id.*

After reviewing Alexander's complaint, the Court finds that Alexander has failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter in this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are met under 28 U.S.C. § 1332 or if the cause of action arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331. Being as Alexander has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction.[2]

Additionally, to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of one state while the defendants are citizens of another. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required; a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). In this case, Alexander alleges an amount in controversy of $30,000. (*See* Pl.'s Compl. at 1.) Therefore, Alexander has failed to satisfy the amount in controversy requirement for subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1), and the Court need not address the issue of diversity of citizenship.[3]

---

[2] The Court notes that Alexander checked the box on his Civil Cover Sheet indicating his basis for jurisdiction was federal question. On the same sheet, he also filled out a section on citizenship of principal parties, which is reserved for diversity cases only. The Court finds that the plaintiff has not alleged any claim or set of facts that demonstrates this action invokes jurisdiction under 28 U.S.C. § 1331.

[3] While Alexander did not set forth the state citizenship of himself or Defendant, the Court notes that on the Civil Cover Sheet, Alexander checked the boxes indicating that both he and Defendant were "Citizen[s] of This State." If this statement is true, then Alexander has also failed to satisfy the diversity of citizenship requirement for subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2).

## RECOMMENDATION

It is recommended by the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B), that this action be **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 14, 2014**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 30, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE